**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

RICKY LAMAR PERRY and TERRI
KIMBROUGH-PERRY, husband and wife,

      Plaintiffs,

v.                                      Case No. 04-CV-72605-DT

LIFE TIME FITNESS, INC. d/b/a LIFE TIME
FITNESS,

      Defendant.
                              /

**OPINION AND ORDER GRANTING DEFENDANT LIFE TIME FITNESS'S
"MOTION TO STRIKE AFFIDAVIT OF SARMAD SHAMOU"**

On March 30, 2005, Defendant Life Time Fitness filed its "Motion to Strike Affidavit of Sarmad Shamou." In its motion, Defendant contends that "Plaintiffs, either intentionally or negligently, failed to disclose the identity of Mr. Shamou as required under Rule 26, this court's November 3, 2004 . . . scheduling order, and in their responses to Life Time's interrogatories to Plaintiffs." (Def.'s Mot. at ¶¶ 2, 6-7.) Defendant also states that on December 1, 2004 it sent a letter to Plaintiffs' counsel requesting Plaintiffs' Rule 26 Disclosures and Preliminary Witness List and "served its First Interrogatories and Requests for Production of Documents to Plaintiffs, which specifically requested the identity of Plaintiffs' witnesses" due to "Plaintiffs' failure to provide their Rule 26 Initial Disclosures or a Preliminary Witness List." (*Id*. at ¶¶ 8-9.)

Plaintiffs admit that they did not timely file a preliminary witness list, but state that "they served their Rule 26 witness disclosures on or about December 10, 2004" and "one witness was known to . . . Plaintiffs by the name of Steve Shamon and was

identified by such on the witness list." (Pls.' Resp. at ¶¶ 6, 10.) Plaintiffs admit that "on or about January 5, 2005, Plaintiffs produced their Answers to Defendant's First Interrogatories and Requests for the Production of Documents and again listed Steve Shamon as a witness." (*Id.* at ¶ 11.) Plaintiffs also admit that they "filed their Final Witness List on January 20, 2005, five days after the deadline for filing final witness lists," in which they again identified "Steve Shamon" as a witness. (*Id.* at ¶ 14.)

Plaintiffs state that when they responded to Defendant's January 19, 2005 letter requesting contact information for "Steve Shamon," Plaintiffs' counsel's secretary "had been attempting to contact Mr. Shamon by telephone for several weeks but had been unable to do so. At that time Plaintiffs had no address or other contact information regarding this witness. Plaintiffs' counsel's secretary was unable to tell from the telephone message whether the number she was calling was . . . a proper contact for this witness." (*Id.* at ¶16.) Plaintiffs essentially place the burden on Defendant by arguing that "since . . . Defendant has computerized records which document each visit that a member makes to the facility, . . . Defendant had significantly more access to information that would lead it to the correct identity of this witness than that which was at . . . Plaintiffs' disposal." (*Id.* at ¶16.) Life Time states that it "has no record of a Steve Shamon being a member nor is there a listing for a Steve Shamon in the telephone directory." (Def.'s Mot. at 4.)

On March 21, 2005, Plaintiffs filed their Response to Defendant's motion for summary judgment, and attached to their brief "an affidavit from a witness identified as 'Sarmad Shamou.'" (Def.'s Mot. at ¶ 20; Ex. 1.) Defendant contends that "based on the statements of Mr. Shamou, both counsel for Plaintiffs and Mr. Perry identified and

2

contacted Mr. Shamou within weeks of the incident in question on March 28, 2004. (Def.'s Mot. at ¶ 20; Ex. 8.)  Defendant claims that "as a result, Plaintiffs had Mr. Shamou's telephone number and name for almost a year, but refused to disclose such information to Life Time and misidentified him as Steve Sharmon." (*Id.* at ¶ 21.) Plaintiffs' counsel admits that "he spoke to Mr. Shamou prior to filing litigation in the instant case.  However, he was known to Plaintiff at that time as Steve Shamon.  The only contact information the Plaintiff had at that time was a telephone number.  Plaintiff was unable to make contact with the witness again at that telephone number until after discovery had closed." (Pls.' Resp. at ¶ 21.)

> Rule 16(a) of the Federal Rules of Civil Procedure provides:
>
> In any action, the court may in its discretion direct the attorneys for the parties and any unrepresented parties to appear before it for a conference or conferences before trial for such purposes as
>
> (1) expediting the disposition of the action;
> (2) establishing early and continuing control so that the case will not be protracted because of lack of management;
> (3) discouraging wasteful pretrial activities;
> (4) improving the quality of the trial through more thorough preparation, and;
> (5) facilitating the settlement of the case.
>
> Rule 16(f) permits the court to order sanctions.  It states, in relevant part:
>
> If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D).  In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was

substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. 16(f).

Because Plaintiffs failed to produce the correct name of their witness until January 20, 2005 (seven business days before the close of discovery) even though they admit that they spoke to him prior to filing the instant litigation in July 2004, the court will strike the affidavit of Mr. Sarmad Shamou.

IT IS ORDERED that Defendant's "Motion to Strike Affidavit of Sarmad Shamou" [Dkt. # 15] is GRANTED.

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  June 8, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 8, 2005, by electronic and/or ordinary mail.

 S/Lisa G. Teets
Case Manager and Deputy Clerk
(313) 234-5522